## Case No. 9,786.

### MORAN et al. v. SCHNUGG et al.

[7 Ben. 399.] 1

District Court, S. D. New York. Aug., 1874.

BANKRUPTCY — PRIORITIES — MORTGAGE — MECHANIC'S LIEN.

A mortgage recorded before the filing of a mechanic's lien is entitled to priority. When the bankruptcy court takes possession of property on which there are mechanics' liens, and sells it free and clear of the liens, it forecloses the liens, and the lien holders are not bound to renew or continue their liens, to preserve their rights against the proceeds of the property.

This was an action [against John Schnugg and others] brought by [James H. Moran and others] assignees in bankruptcy [of Leopold Bohm] to set aside certain mortgages and mechanics' liens upon the bankrupt's property, which the court had sold free and clear of both mortgages and liens. On the evidence the court held that the mortgages were valid. The question remained as to the mechanics' liens and their priority.

Abbott Bros., for plaintiffs.

Boardman & Boardman, W. B. Putney, L. B. Bunnell, and Otto Meyer, for defendants.

BLATCHFORD, District Judge. As between the mortgages and the mechanics' liens, the former are not only valid, but are prior in time. The former were recorded before any of the latter were filed. This gives priority to the former.

The mortgages must, therefore, be decreed to have validity and precedence, both as regards the mechanics' liens and the assignees in bankruptcy, the Schnugg mortgage for the full $10,000, and the Baerlein mortgage for $6,800.

As between the mechanics' liens and the assignees in bankruptcy, I think the liens are not open to any of the objections urged against them by the plaintiffs.

The bankruptcy court, within the year from the filing of the liens, took possession of the property, and sold it free and clear of the mechanics' liens, and put the proceeds of sale into the hands of its officers, in place of the estate so disposed of. It did this by virtue of the provisions of the 20th section of the act [of 1867 (14 Stat. 526)]. It thereby foreclosed the liens. It converted into money the property that was subject to the liens, and thereby prevented the lienors from ever taking measures to foreclose the liens. The lienors were not only relieved thereby from any duty to renew or continue their liens within the year, but they had no right to renew or continue a lien against property

which the bankruptcy court had sold free from such lien.

As regards renewing or continuing the lien, so as to make it continue operative against the proceeds of the sale, it is sufficient to say, that at least from the commencement of this suit, which was within the year, the rights of the lienors were fixed, and whatever their rights as lienors were when this suit was brought, such they must be adjudged in this suit to be. As between the plaintiffs and the lienors, the fund must be administered and distributed as of the time when the plaintiffs came into this court and asked this court to administer and distribute it.